IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| CONCORD CROSSROADS, LLC, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>HUMAN CAPITAL RESOURCES )<br>AND CONCEPTS, INC., )<br>)<br>Defendant. ) | Civil Action No. 1:20-cv-0589 (RDA/IDD) |

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court on Plaintiff Concord Crossroads LLC's Motion for Summary Judgment (Dkt. 38) and Defendant Human Capital Resources and Concepts, Inc.'s Motion for Partial Summary Judgment (Dkt. 58). Considering the memoranda in support of the motions (Dkt. Nos. 38-1; 59), the oppositions to the motions (Dkt. Nos. 41; 63), and the replies in further support of the motions (Dkt. Nos. 43; 64), it is hereby ORDERED that Defendant's Motion for Partial Summary Judgment (Dkt. 58) is DENIED and Plaintiff's Motion for Summary Judgment (Dkt. 38) is DENIED.

I. BACKGROUND

Plaintiff Concord Crossroads, LLC is a Virginia limited liability company that provides defense and intelligence-related services to government customers. Defendant Human Capital Resources and Concepts, Inc. is a Florida corporation that was awarded a contract in 2018 by the United States Department of Defense, Office of the Provost Marshall General, Anti-Terrorism Program (the "Contract"). In this matter, Plaintiff generally alleges that it provided Defendant with assistance in obtaining and performing the Contract but was never compensated by

Defendant. In the Amended Complaint, Plaintiff alleges claims for: (1) unjust enrichment; and (2) fraud in the inducement. Dkt. 15 at 11-16.

On March 23, 2018, Plaintiff, Defendant, and a third-party not named in this lawsuit, M. Holland Group LLC ("MHG"), entered into a "teaming agreement" whereby the entities agreed that if Defendant was named the "prime" contractor on the Contract, then Defendant would offer subcontracts to Plaintiff and MHG.[1] On April 23, 2018, Defendant was named the prime contractor as anticipated, so the parties commenced negotiations on subcontracts as contemplated under the teaming agreement. Very significantly, while the parties were negotiating the terms and conditions of the subcontracts, Plaintiff provided its personnel, including certain subject matter experts and a program manager, to the Defendant to perform work under the Contract. The record strongly suggests that Plaintiff provided the personnel to Defendant with the understanding that it would eventually be compensated when the parties reached an agreement on the terms of the subcontracts. However, when negotiations on the subcontracts eventually broke down completely, Plaintiff unsuccessfully sought compensation from Defendant for the roughly two months' worth of work performed by its personnel. Eventually, on June 25, 2018, the staff Plaintiff provided to Defendant to perform work on the Contract were "moved to Defendant's payroll," having apparently been offered employment from Defendant directly.

Generally, in support of its unjust enrichment claim, Plaintiff argues that it is undisputed that it conferred a benefit on Defendant, that Defendant knew it expected to be compensated, and

---

[1] The Contract awarded to Defendant was known as a "follow on" contract through the Small Business Administration's Section 8(a) program. Prior to Defendant being named the prime contractor in 2018, Plaintiff had served as the prime contractor for the previous 15 years. After serving as prime contractor for fifteen years, however, Plaintiff "graduated" from the Small Business Administration's 8(a) program and was thus barred from serving as the prime contractor on subsequent contracts under program, although it was still allowed to work as a sub-contractor.

that the value of the benefit conferred is $170,570.42.  In support of its fraud in the inducement claim, Plaintiff argues that Defendant induced it to provide personnel and expertise in obtaining the contract without ever intending to compensate Plaintiff.

## II.  STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 56, summary judgment is appropriate if there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law.  *See* Fed. R. Civ. P. 56(c).  "A material fact is one 'that might affect the outcome of the suit under the governing law.'  A disputed fact presents a genuine issue 'if the evidence is such that a reasonable jury could return a verdict for the non-moving party.'"  *Hantz v. Prospect Mortg., LLC*, 11 F. Supp. 3d 612, 615-16 (E.D. Va. 2014) (quoting *Spriggs v. Diamond Auto. Glass*, 242 F.3d 179, 183 (4th Cir. 2001)).  The moving party bears the "initial burden" of showing that there is no genuine issue of material fact.  *Sutherland v. SOS Intern., Ltd.*, 541 F. Supp. 2d 787, 789 (E.D. Va. 2008) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986)).  "Once a motion for summary judgment is properly made and supported, the opposing party has the burden of showing that a genuine dispute exists."  *Id.* (citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986)).

On summary judgment, a Court reviews the evidence in the light most favorable to the non-moving party.  *McMahan v. Adept Process Servs., Inc.*, 786 F. Supp. 2d 1128, 1134-35 (E.D. Va. 2011) (citing *Rossignol v. Voorhaar*, 316 F.3d 516, 523 (4th Cir. 2003)).  Importantly, "at the summary judgment stage[,] the [court's] function is not [it]self to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial."  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986).

## III.  ANALYSIS

The Court finds that there are a substantial number of disputed material facts such that both Plaintiff's Motion for Summary Judgment and Defendant's Motion for Partial Summary Judgment must be denied.

Plaintiff's Motion for Summary Judgment (Dkt. 38) requests that the Court award it $170,570.42 on its unjust enrichment claim.  To prevail on an unjust enrichment claim, a plaintiff must establish that it (1) conferred a benefit on the defendant; (2) that the defendant knew of the benefit and should reasonably have expected to pay the plaintiff; and (3) the defendant accepted or retained the benefit without paying for its value.  *Schmidt v. Household Fin. Corp.*, 661 S.E.2d 834, 838 (Va. 2008).

In opposition to Plaintiff's motion, Defendant goes so far as to argue that the personnel Plaintiff provided Defendant to work on the Contract were simply "volunteers" and that it had no obligation of compensating Plaintiff.  The record, however, does suggest that a benefit was conferred to Defendant by using Plaintiff's personnel and that Defendant knew Plaintiff expected to be compensated.  The record is much less clear, however, on the value of the benefit Plaintiff provided.  While Plaintiff's unjust enrichment claim seeks a definite amount—$170,570.42—the record evidence shows that the expected compensation for Plaintiff's personnel was subject to substantial negotiations between the parties, which ultimately failed.  Even assuming that the record evidence could establish that Plaintiff conferred a benefit upon Defendant and that Defendant knew Plaintiff expected compensation, the Court finds that there are disputed material facts as to the value of that benefit such that the Court is precluded from granting Plaintiff's motion.

Defendant's Motion for Partial Summary Judgment (Dkt. 58) on Plaintiff's fraud in the inducement claim suffers a similar fate.  Defendant primarily argues that Plaintiff's claim must

fail because Plaintiff has not identified any specific "promise" to induce performance, as it must to establish a fraud in the inducement claim. Indeed, "[i]n Virginia, it is well-settled that 'fraud must relate to a present or pre-existing fact, and cannot ordinarily be predicated on unfulfilled promises or statements as to future events.'" *Fransmart, LLC v. Freshii Development, LLC*, 768 F. Supp. 2d 851, 865 (E.D. Va. Mar. 1, 2011) (quoting *McMillion v. Dryvit Sys., Inc.*, 552 S.E.2d 364, 368 (Va. 2001) (internal quotations omitted)). Importantly, "Virginia courts recognize that a promisor may commit fraud if the promisor has no intent to perform at the time that the promise is made." *Fransmart, LLC*, 768 F. Supp. 2d at 865 (citing *Supervalu, Inc. v. Johnson*, 666 S.E.2d 335, 342 (Va. 2008) ("[I]f a defendant makes a promise that, when made, he has no intention of performing, that promise is considered a misrepresentation of present fact and may form the basis for a claim of actual fraud.")).

The Court finds that there are a substantial number of disputed, material facts regarding Plaintiff's fraud in the inducement claim. The evidence does show that, at one point, Defendant's President and Chief Executive Officer offered to compensate Plaintiff out of her own pocket, and that Defendant may have been relying on Plaintiff's personnel to perform work on the Contract because they held top-secret security clearance. But the Court is hard-pressed to conclude, based on the record before it, that Plaintiff's employees simply volunteered to perform work on the Contract without any promise or expectation of compensation, particularly in light of the Defendant's President and Chief Executive Officer's offer to compensate Plaintiff out of her own pocket. Construing the evidence in a light most favorable to the non-moving party, then, the Court finds that there are disputed material facts such that an entry of summary judgment would be inappropriate.

IV. CONCLUSION

For the reasons set forth above, Plaintiff's Motion for Summary Judgment (Dkt. 38) and Defendant's Motion for Partial Summary Judgment (Dkt. 58) are DENIED.

It is SO ORDERED.

Alexandria, Virginia
November 16, 2021

/s/
Rossie D. Alston, Jr.
United States District Judge
